UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV-10-190-B-W |
| ROGER W. GRANT, | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On May 19, 2010, the United States filed suit against Roger W. Grant, alleging that he had executed promissory notes under Title IV-B of the Higher Education Act and that he owed the Plaintiff $4,503.96 for one note and $5,010.95 for the other. *Compl.* (Docket # 1). On July 6, 2010, Mr. Grant answered essentially denying the Plaintiff's allegations. *Ans.* (Docket # 5). Mr. Grant claimed that he had "paid off these loans twice already!" *Id.* at 1. He noted that he and his wife had declared bankruptcy "years ago." *Id.* He conceded that he could not prove payment because in 2002, they had a fire, his home burned, and the records of his payment were destroyed. *Id.*

On July 7, 2010, the United States moved for summary judgment, attaching documents that confirm that Mr. Grant signed two promissory notes on December 9, 1988, that he defaulted on both loans, that as of March 23, 2010, Mr. Grant owed $4,503.96 on one promissory note and $5,010.95 on the other, and that it is entitled

to judgment on both counts. *Mot. for Summ. J.* (Docket # 6) (*Mot. for Summ. J.*). Mr. Grant failed to respond to the Government's motion.

Ordinarily, the court states the facts in a summary judgment context "in the light most favorable to the nonmoving party." *Fontanez-Nunez v. Janssen Ortho LLC*, 447 F.3d 50, 52 (1st Cir. 2006). However, when a party has failed to oppose a motion for summary judgment, the court accepts as true "all of [the moving party's] uncontested facts." *Id.* at 52; *see* D. Me. Loc. R. 56(c). The non-moving party's failure to respond, however, "does not automatically entitle the movant to summary judgment." *Robinson v. Wright*, 460 F. Supp. 2d 178, 182 (D. Me. 2006). If the adverse party does not respond, the court may grant summary judgment only "if appropriate." Fed. R. Civ. P. 56(e)(2). The court must "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005) (citation omitted). Further, in the context of a suit on a promissory note, the lender can meet its prima facie burden by introducing "the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *United States v. Strohmeyer*, CV-09-479-B-W, 2010 U.S. Dist. LEXIS 19195, at *4 (Mar. 2, 2010) (citation omitted). The United States' submissions include copies of two promissory notes dated December 9, 1988 and two certifications from a United States Department of Education loan analyst dated March 23, 2010. *Compl.* Ex. A-D. These submissions are sufficient to generate a prima facie case against Mr. Grant.

As to Mr. Grant's assertion that the loans were discharged in bankruptcy, the United States has represented that Mr. Grant filed for bankruptcy and on January 17, 2003, the United States Bankruptcy Court for the District of Maine, case number 02-11720, issued a Final Decree and closed the case. The United States further represented that the indebtedness to the United States "was not discharged and remains due and owing." *Mot. for Summ. J.* at 4. Based on the representations of the United States, the Court concludes that summary judgment may issue in favor of the United States and against the Defendant.

The Court GRANTS the United States of America's Motion for Summary Judgment (Docket # 6) on Count I in the amount of $4,503.96 as of March 23, 2010 with interest accruing to June 30, 2010 at the rate of 3.73% per annum and from June 30, 2010 to the date of this Judgment at the rate the Department has established, and GRANTS the United States of America's Motion for Summary Judgment (Docket # 6) on Count II in the amount of $5,010.95 as of March 23, 2010 with interest accruing to the date of Judgment at the rate of 8.0% per annum.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2010